# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TERESA L. RUCKMAN, | DOCKET NUMBER |
| Appellant, | SF-0752-23-0488-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: November 18, 2025 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Chalmers Johnson</u>, Esquire, Port Orchard, Washington, for the appellant.

<u>Michele Forte</u>, Esquire, and <u>Julie Flower</u>, Esquire, Bremerton, Washington, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which found that the agency proved the medical inability to perform charge underlying the appellant's removal but further found that the removal must be reversed because the appellant proved disability discrimination. Generally, we grant petitions such as these only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we GRANT the agency's petition for review, DENY the appellant's cross petition for review, and DENY the appellant's challenge to the agency's certification of compliance with its interim relief obligations. We REVERSE the initial decision's conclusion that the appellant proved her disability discrimination claim, and we SUSTAIN the appellant's removal.

The appellant's position of record was that of a Crane Operator. Initial Appeal File (IAF), Tab 14 at 4. By all indications, this was a physically demanding position, requiring extensive climbing, reaching, pulling, pushing, bending, and sitting. *E.g.*, IAF, Tab 4 at 89, Tab 13 at 74-80. Beginning around March 2020, the appellant struggled with a series of physical impairments. IAF, Tab 14 at 2. In the months and years that followed, she sought treatment and engaged with the agency about reasonable accommodations or reassignments to no avail. *Id.* at 2-7.

In September 2022, the agency proposed the appellant's removal for medical inability to perform. *Id.* at 7. According to the deciding official, it allowed the proposed removal to linger for several more months to see if the appellant's condition improved. IAF, Tab 18, Initial Decision (ID) at 8; IAF, Tab 17-1. Concluding that it had not, the deciding official issued a June 29, 2023 decision to remove the appellant, effective July 7, 2023. IAF, Tab 14 at 7. The agency had considered whether there were any vacant funded positions to which

the appellant could be reassigned, instead, but they found none. IAF, Tab 4 at 26-27, 100-02, 298-99. On July 6, 2023, the day before her removal was scheduled to be effectuated, the appellant brought the agency medical records indicating that she had improved to a degree, as she sought reconsideration of her scheduled removal. IAF, Tab 14 at 8; ID at 7-8, 16-17. Nevertheless, the agency proceeded with the removal action. Over the next several months, medical records submitted with this appeal reflect further changes to her condition, but the appellant stipulated that she was still not cleared for resumption of her regular duties through at least the start of September 2023 because she was awaiting surgery. IAF, Tab 14 at 8.

On appeal, the administrative judge found that the agency proved its charge of medical inability to perform as well as the requisite nexus. ID at 18-20. He also found no merit to some of the appellant's affirmative defenses. ID at 20-24, 30. However, the administrative judge concluded that the appellant met her burden of proving disability discrimination based upon a failure to accommodate. ID at 28-30. Accordingly, he reversed the removal.

The agency has filed a petition for review in which it argues that the appellant did not meet her burden of proving disability discrimination because she did not prove that she meets the definition of a qualified individual with a disability. Petition for Review (PFR) File, Tab 1. The appellant has filed a response and cross petition for review. PFR File, Tab 4. Among other things, she argues that the administrative judge erred in concluding that she was medically unable to perform her own job as a Crane Operator and in finding that her removal promoted the efficiency of the service. *Id.* The appellant separately filed a petition for enforcement in which she alleged that the agency did not comply with the administrative judge's interim relief instructions. PFR File, Tabs 3, 5.

<u>The appellant's interim relief arguments do not warrant dismissal of the agency's petition for review.</u>

After concluding that the appellant's removal should be reversed, the administrative judge ordered the agency to provide interim relief to her, in accordance with 5 U.S.C. § 7701(b)(2)(A), in the event either party were to file a petition for review.  ID at 32.  The appellant brought a petition for enforcement in which she claimed that the agency did not comply with this instruction when it filed its petition for review.  PFR File, Tab 5 at 4-14.

The Board's regulations do not provide for petitions for enforcement of interim relief orders; such petitions only apply to final Board decisions.  5 C.F.R. § 1201.182(a).  Board regulations do, however, allow an appellant to challenge an agency's certification that it has provided interim relief.  5 C.F.R. § 1201.116(b).  We therefore consider the appellant's pleading as a challenge to the agency's certification of compliance.  *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 8 (2015).

If an agency fails to provide evidence of compliance with an interim relief order, the Board may, at its discretion, dismiss the agency's petition for review. *Id.*; 5 C.F.R. § 1201.116(e).  However, we find no basis for doing so in this case.  According to the appellant, the agency did not comply with the administrative judge's interim relief order because it did not reinstate her with an effective date of July 7, 2023, which was the date of her removal.  PFR File, Tab 5 at 7.  But her request for interim relief for the period predating the issuance of the initial decision is misplaced.  There are two parts to interim relief.  The first is returning the appellant to the workplace while the petition for review is pending unless the agency determines that the return or presence of the appellant would be unduly disruptive.  5 U.S.C. § 7701(b)(2)(A).  The second part is providing the appellant with pay and benefits while the petition for review is pending; the agency must provide pay and benefits even if it does not return the appellant to the workplace.  5 U.S.C. § 7701(b)(2)(B).  Back pay is not part of the agency's interim relief

obligation because interim relief is effective upon the issuance of the initial decision. *Johnson v. Department of Veterans Affairs*, 2023 MSPB 9, ¶ 8 n.4; 5 U.S.C. § 7701(b)(2)(A), (C).

The appellant also alleges that the agency had not taken action to reinstate her because she had not received a paycheck as of the date of her challenge to the agency's certification. PFR File, Tab 5 at 8. Although she may not have received any of her interim relief pay by the petition for review filing deadline, actual payment by this deadline is not necessarily required. *Moore v. U.S. Postal Service*, 78 M.S.P.R. 80, 83 (1998). Rather, the agency satisfies its obligation by taking appropriate administrative action by the deadline that will result in the issuance of a paycheck for the interim relief period. *Id.* In this case, the agency explained that it had executed an Standard Form 50 appointing the appellant to her Crane Operator position, effective April 11, 2024, the date of the initial decision, it provided her with payroll forms for direct deposit, and it was in the process of getting the appellant the security clearance necessary for her to return to the worksite. PFR File, Tab 8 at 7. Under these circumstances, we find the agency's actions sufficient. We find no basis for dismissing the agency's petition on interim relief grounds.

The appellant did not meet her burden of proving disability discrimination.

As previously stated, the administrative judge found that the agency met its burden of proving its charge and the requisite nexus. *E.g.*, ID at 18-20. We agree with the administrative judge about these matters. To the extent that the appellant has presented arguments to the contrary on review, we are not persuaded.

The administrative judge also found, however, that the appellant was a qualified individual with a disability and prevailed on her affirmative defense of disability discrimination. ID at 28-31. For the reasons that follow, we disagree and find otherwise.

To prevail on a disability discrimination claim under either a status-based or reasonable accommodation theory, an appellant must show not only that she is disabled but also that she is a "qualified" individual with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 28-29; *see* 42 U.S.C. § 12112(a). To be a qualified individual with a disability, an employee must show that she can perform the essential functions of her position with or without accommodation. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 28. An employee who cannot perform the essential functions of her position of record can also show that she is a qualified individual with a disability by showing that there were vacant, funded positions to which she could have been reassigned. *Id.* at ¶ 29.

Although the administrative judge concluded that the appellant was a qualified individual with a disability, he did not explain whether she gained that status because of her position of record or due to another vacant, funded position. ID at 28-31. Rather, the administrative judge determined that the appellant's increased ability and reduced limitations "may very well have meant there was work available to [her] either in her position of record or other positions to which she could be reassigned." ID at 29.

The record does not show that the appellant could perform the essential functions of her position of record as a Crane Operator with or without accommodation at the time of her termination. As further detailed in the initial decision, the appellant experienced years of physical impairments and limitations. Among other things, January 2021 reports indicated that she could not climb ladders over 3 feet. ID at 10; IAF, Tab 4 at 208-11, 216. Subsequent reports throughout the year required further restrictions, such as her never climbing vertical ladders or engaging in repetitive wrist and elbow motions. ID at 11; *e.g.*, IAF, Tab 4 at 91, 229, 232-33, 249-51, 255, Tab 9 at 225. Most of the medical reports in 2022 and 2023 vary slightly but generally reflect similar limitations

through the date of the appellant's removal. ID at 14-16; *e.g.*, IAF, Tab 4 at 34-35, 37, 40, 92, 272.

The appellant points us to an October 2023 medical report and the deciding official's testimony about the same, where he indicated that this appeared to be a "clean bill of health." She argues that this suggests that she made a complete recovery and could have performed her Crane Operator position. PFR File, Tab 4 at 17 (citing IAF, Tab 17-1 at 56:30-56:44); IAF, Tab 13 at 97. However, October 2023 was 3 months after the appellant's removal. The October 2023 reports do not prove that any physical improvement described within occurred by the time of her removal. For these reasons, the appellant has not established that she was a qualified individual with a disability as to her position of record.

We next analyze whether the appellant could have been a qualified individual with a disability by being assigned to the agency's Limited Duty Program (LDP), which the agency did utilize during parts of the years leading up to the appellant's removal. *E.g.*, IAF, Tab 4 at 298, Tab 14 at 7. The administrative judge made no finding as to whether LDP assignments qualified as vacant, funded positions. However, the Board has interpreted a vacant, funded position to be one to which an appellant could have been reassigned on a permanent basis. *See Desjardin*, 2023 MSPB 6, ¶ 7; *Taber v. Department of the Air Force*, 112 M.S.P.R. 124, ¶ 14 (2009). We conclude that the LDP assignments do not meet this standard. As explained in detail within the agency policy, LDP assignments are "intended to provide temporary light-duty work assignments, when available" and are not designed to indefinitely accommodate employees. IAF, Tab 4 at 106-14. Nothing in the LDP policy suggests that these assignments amount to vacant funded positions. Therefore, the appellant could not have been a qualified individual with a disability as to one of these LDP assignments.

As to the question of whether the appellant was a qualified individual with a disability, we lastly recognize that the administrative judge suggested that the

appellant could have met this standard with respect to some other unidentified position to which she could have been reassigned. ID at 29. He came to this conclusion because he determined that the agency did not engage in a further interactive process based on the medical information the appellant submitted after her removal was decided but before it was effectuated, in July 2023. *Id.* However, even if we were to agree that the agency erred in this regard, an agency's failure to conduct a proper search for available positions does not relieve the appellant of her burden to establish the existence of a position to which she could have been reassigned to establish that she is a qualified individual with a disability. *Desjardin*, 2023 MSPB 6, ¶ 29 n.13. The appellant has not met this burden because she has not identified the existence of such a position. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014) (noting that the appellant bears the ultimate burden of proving that there was a position the agency would have found and could have assigned to him had it looked). For all these reasons, we find that the appellant has not proven that she is a qualified individual with a disability and has, therefore, not proven her disability discrimination affirmative defense.

The agency's choice of penalty is reasonable.

Although the administrative judge found that the agency proved its charge and the requisite nexus, he did not reach the question of penalty due to his finding of disability discrimination. Since we disagree with that finding of disability discrimination, we must address the penalty in the first instance.

The *Douglas* factors normally used to mitigate the penalty are not relevant in the case of a removal for medical inability to perform due to the nondisciplinary nature of the action. *Brown v. Department of the Interior*, 121 M.S.P.R. 205, ¶ 18 (2014), *overruled on other grounds by Haas*, 2022 MSPB 36; *see Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (providing a nonexhaustive list of factors relevant to penalty determinations). Rather, the correct standard to be applied in determining the penalty for a removal based on

physical inability to perform is whether the penalty of removal exceeded the tolerable limits of reasonableness. *Brown*, 121 M.S.P.R. 205, ¶ 18.

Under the circumstances at hand, we find that the appellant's removal did not exceed the tolerable limits of reasonableness. The evidence before us shows, by preponderant evidence, that the appellant was medically unable to perform in her own position or any other vacant funded position at the time of her removal. The removal was, therefore, reasonable.

To summarize, the agency proved its charge, as well as the requisite nexus and reasonableness of its penalty. The appellant has not met her burden to prove disability discrimination or any other affirmative defense. Accordingly, we must sustain her removal.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:          _____

*Gina K. Grippando*

                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.